AYRES, Judge.
This is an action for termination of the receivership of the Certified Credit Corporation of Louisiana, Inc., which was directed by a decree of this court in the above-styled cause (162 So.2d 589 (1964), writs denied).
Petitioner in the present proceeding, the Southern Guardian Life Insurance Company, which may be hereinafter referred to as “petitioner,” is an Alabama corporation which claims the ownership, by purchase from one Louis J. Roussel, of 1,723 shares of the capital Class “A” stock and of 2,000,000 shares of the capital Class “B” stock of the Certified Credit Corporation of Louisiana, Inc., as well as the ownership of 71,965 shares of the capital stock of Certified Life Assurance Company of Louisiana, a subsidiary of the parent credit corporation.
This court concluded in its former opinion that the appointment of a receiver for the Certified Credit Corporation of Louisiana, Inc., was necessary to protect the interests of plaintiffs as shareholders of Class “A” stock from the activities which occurred in the management of the affairs of the corporation under the direction of Roussel, for the reasons (1) that Roussel, a majority stockholder, had indicated an intent to deprive Class “A” stockholders of their property rights, and that such interests appeared to be in imminent danger of loss or destruction; and (2) that, because the corporation was a holding company as distinguished from an operating company, a receivership would not have any serious, adverse effects either upon its operations or those of the subsidiary corporation.
For the termination of the receivership, petitioner herein alleges that (1) Roussel is no longer a stockholder of the Certified Credit Corporation of Louisiana, Inc., and, therefore, the reasons for the appointment of a receiver no longer exist, and (2) that the receivership has had a serious, adverse effect upon the operations of the Certified Credit Corporation of Louisiana, Inc., and of its subsidiary corporation. Counsel for petitioner-appellant concedes that, at the time, the facts warranted the establishment of the receivership and the action of the court in that regard was appropriate. The contention that the reasons for the appointment of the receiver or for the maintenance of the receivership no longer exist is predicated on the proposition that Roussel no longer owns or controls the capital stock formerly owned by him in the Certified Credit Corporation of Louisiana, Inc., and *139 he therefore no longer poses a threat to the property rights of the Class “A” stockholders.
The trial court concluded that the need for the continuation of the receivership persisted and accordingly recalled and vacated the rule issued at the instance of petitioner and rejected its demands. From a judgment accordingly rendered and signed, petitioner prosecutes this appeal.
The correctness of the position urged by petitioner may only be determined by the facts disclosed by the record as presently existing. With reference to the contention that Roussel has relinquished control of the stock purportedly sold to the Southern Guardian Life Insurance Company, Thomas A. Dechman, a director and executive vice president of that corporation testified that in the purchase of the stock Roussel was given his company’s check for the sum of $58,000.00 and a cashier’s check for $500,-000.00, and that, in addition, his company assumed an obligation of Roussel in the sum of $22,000.00; that the cashier’s check represented the proceeds of a loan from the National American Bank of New Orleans to whom Roussel was obligated for the $22,000.00; that, in addition, his corporation agreed to maintain a deposit with the bank in a sum of not less than $50,000.00; and that the shares of stock purchased from Roussel were pledged as security for the indebtedness to the bank.
Roussel did not testify in the instant proceeding; nor did any of plaintiffs’ officials who participated in the negotiation for the purchase of the aforesaid stock. Dech-man’s responsibility related to ministerial matters in connection with the closing of the transaction. Roussel did, however, testify in the initial proceedings for the appointment of the receiver. Therein he gave this testimony:
“Q. Will you tell the Court, Mr. Rous-sel, how many public corporations you have stock in and have an executive capacity in and what, briefly, they are?
“A. Well, the oldest one is Republic Petroleum Corporation, and I’ll try to call them in order. Empire Land Corporation, Gulf Natural Gas, Universal Drilling, National American Bank, the Merchants Bank, Peoples Bank, American Bank of Baton Rouge, American Assets, Superfine Oil and Gas. I guess that’s about it — Oh, Terra Firma Trust. That’s about it.
* * # * * *
“Q. Do you hold fiduciary relationship, officer or director for most of those corporations?
“A. Yes, Sir.”
(Emphasis supplied.)
And, in connection with the borrowing of $100,000.00 soon after his acquisition of the aforesaid capital stock:
“Q. You pledged your personal stock for the corporation debt, is that correct ?
“A. No, Sir. We pledged the corporation stock that they own in Certified Assurance Company.
“Q. And from what bank was that loan made?
“A. The National American Bank, one of my institutions.”
(Emphasis supplied.)
Even though Roussel, through his bank, may not have direct control of the stock pledged to the bank, the power of indirect financial control is as effective and substantial, and may not be discounted or minimized.
Thus, we conclude there has been no real substantial change in the facts and circumstances from those existing at the time the receivership was ordered. The facts and circumstances which warranted the receivership persist and, therefore, justify and require the continuation of the re *140 ceivership. The proof offers no substantial basis for the contention that the receivership has had a serious, adverse effect upon the operations of the corporation or of its subsidiary.
The judgment appealed is therefore affirmed at petitioner’s cost.
Affirmed.